FILED
APR - 9 2007
04-09-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX GBUR, ) | |
| ) | No. 07cv1923 |
| *Plaintiff,* ) | JUDGE CASTILLO |
| ) | MAGISTRATE JUDGE COLE |
| -vs- ) | |
| ) | |
| THE CITY OF HARVEY and ) | |
| ERIC KELLOGG, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1981 and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 42 U.S.C. §1343.

2. Plaintiff Alex Gbur is a white male and was employed as a police officer by defendant City of Harvey (an Illinois municipal corporation) from September of 2001 until March 21, 2007.

3. Defendant Eric Kellogg is an African-American male and was elected Mayor of the City of Harvey in 2003. Kellogg is sued in his individual capacity.

4. Following the election of defendant Kellogg as Mayor of the City of Harvey, and at the direction of defendant Kellogg, the City began to discriminate against white employees of its police department on the basis of their race. This discrimination included the following:

    a. The termination of white police officers;

    b. The rehiring of African-American police officers who had been discharged for misconduct, or who had resigned pending termination

proceedings;

c. The hiring of African-American and Hispanic persons to fill vacant police officer positions in the place of equally or greater qualified white applicants;

d. The demotion of white supervisors and their replacement by less qualified African-American officers;

e. The refusal to follow civil service procedures in the hiring and promotion of police officers;

f. The refusal to reimburse white police officers for out of pocket expenses incurred on behalf of the City of Harvey, while making such reimbursements to African-American police officers;

g. The imposition of harsh disciplinary sanctions against white police officers, including suspension without pay, while tolerating gross misconduct by African-American police officers, and suspending with pay African-American police officers who were guilty of serious misconduct

h. The refusal to investigate citizen complaints of misconduct against African-American police officers;

i. Permitting and encouraging a work environment that is hostile to white police officers;

j. Retaliating against white police officers who had provided truthful information about discrimination to the United States Department of Justice;

5. While employed by the City of Harvey, plaintiff requested and was denied reimbursement for expenses he had incurred on behalf of the City. The

City has provided such reimbursement to similarly situated African-American employees.

6. On October 24, 2006, the City suspended plaintiff without pay. In accordance with a policy or practice of the City of Harvey, plaintiff was not afforded the the pre-suspension hearing required by clearly established law.

7. On March 21, 2007, in accordance with policies adopted at the direction of defendant Kellogg, the City discharged plaintiff from employment as a police officer on account of his race.

8. As the direct and proximate result of defendants' wrongdoing, plaintiff has lost wages, been unlawfully deprived of his employment, and subjected to severe emotional distress.

9. Plaintiff demands trial by jury.

Wherefore plaintiff prays for appropriate equitable relief against the City of Harvey, including reinstatement with full backpay and benefits, and for compensatory and punitive damages against defendant Kellogg in the amount of one hundred thousand dollars each.

/s/ Kenneth N. Flaxman

KENNETH N. FLAXMAN
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com

*attorney for plaintiff*