IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEX GBUR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 1923 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jeffrey Cole |
| CITY OF HARVEY, ILLINOIS, an Illinois municipal | ) | |
| corporation, ERIC KELLOGG, individually and in | ) | |
| his official capacity as mayor, ANDREW JOSHUA, | ) | |
| individually and in his official capacity as chief of | ) | |
| police, | ) | |
| Defendants. | ) | |
| | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

The parties have both filed motions addressing the Memorandum Opinion and Order of

December 19, 2011, which granted in part and denied in part the defendants' motion for summary

judgment. (Dkt. # 95). The plaintiff asks that the judgment be altered under Fed.R.Civ.P. 59(e),

while the defendants ask for reconsideration and clarification of the ruling.

**A.**

**The Plaintiff's Motion**

To obtain relief under Fed.R.Civ.P. 59(e), a party must demonstrate a manifest error of law

or fact or present newly discovered evidence. *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir.

2011); *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011). The plaintiff contends that the

court erred when it applied *res judicata* to his claims of discrimination and retaliation. He thinks

that Illinois law prohibited him from raising those claims in his administrative proceeding and his

subsequent appeal in the Illinois Appellate Court. He also finds fault with the Memorandum

Opinion and Order's conclusion that he had failed to come forward with a developed argument or

evidence to support his *Monell* claim.

The error of the first argument that plaintiff was precluded from presenting his discrimination

and retaliation claims in his administrative and appellate proceedings is obvious from the Illinois

Appellate Court's opinion in his case, which plaintiff cites in his motion. (*Memorandum of Law in

Support of Plaintiff's Rule 59(e)*, at 4).[1] Reviewing the administrative decision terminating plaintiff,

the appellate court noted that he presented the very claims he says he was precluded from presenting:

> Plaintiff asserts that even if defendants' determination was proper, their decision to
> terminate his employment and not to consider different and lesser discipline was
> legally erroneous. He bases his argument on what he terms "prior circumstances ,"
> wherein he describes (in accordance with an offer of proof from one of his superiors)
> "virtually identical and arguably more severe," situation that occurred in the instant
> police department surrounding an officer who filed a false report. Plaintiff recounts
> in his brief on appeal that this officer wrote in his report that he had performed
> premise checks. but had been found to be sleeping while on duty and had never
> performed the checks. Plaintiff states that this officer was not disciplined but
> "promoted" to a different detail, resulting in "inconsistent disciplinary actions" when
> compared to his situation.

(*Memorandum of Law in Support of Plaintiff's Rule 59(e)*, Ex. A, Appellate Court Order, at 16).

So, clearly, plaintiff advanced his argument to the appellate court. The court didn't say that

plaintiff was precluded from presenting such a claim, or that the appellate court was an improper

forum for it; it simply found the claim wanting:

---

[1] It should also be noted that the plaintiff's memorandum opposing summary judgment and his Local Rule 56.1 submission failed to support such a contention. (Dkt. # 95, at 28-30). Although that failure was pointed out in the Memorandum Opinion and Order, that failure persists in what seems largely to be an impermissible reiteration of what came before. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

In the instant case, plaintiff's discipline arose from lying to superiors and the falsification of reports related to damage to his police vehicle. The example he cites involves discipline an officer received in a completely unrelated situation which does not even bear a modicum of similarity to that involving plaintiff. Therefore, contrary to plaintiffs contention, there is no legal basis to compare the two for a determination of unreasonableness.

(*Memorandum of Law in Support of Plaintiff's Rule 59(e)*, Ex. A, Appellate Court Order, at 17). A different court might have decided differently, *see LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010), but that doesn't mean the plaintiff didn't have an opportunity to present his claims.

Cases like *Pirela v. North Aurora*, 935 F.2d 909 (7th Cir. 1991) – discussed at length in the Memorandum Opinion and Order (Dkt. # 95, at 33-35) – deal with *res judicata* and the opportunity for the plaintiff to present his claims in state administrative and appellate court proceedings. 935 F.2d at 913-14. Plaintiff clearly had that opportunity here. The cases plaintiff relies on – cases like *Launius v. Board of Fire and Police Com'rs*, 151 Ill.2d 419 (1992) – did not change anything. Nowhere in *Launius* did the Illinois Supreme Court determine that Illinois appellate courts and administrative board had no jurisdiction to entertain discrimination and retaliation charges. Moreover, despite plaintiff's assertion to the contrary (*Memorandum of Law in Support of Plaintiff's Rule 59(e)*, at 5), *Launius* did not "distinguish[] *Pirela*." It didn't even mention it.[2] Plaintiff has clearly failed to demonstrate a manifest error of law or fact that would entitle him to an alteration of the ruling against him under Fed.R.Civ.P. 59(e).

---

[2] Plaintiff also contends that *Launius* represents a change in Illinois law since the Seventh Circuit decided *Pirela*. Yet, in discussing similarity between comparators, *Launius* relied upon two Illinois case decided *before Pirela*. 151 Ill.2d at 442 (citing *Wilson v. Board of Fire & Police Commissioners*, 205 Ill.App.3d 984, 992, 563 N.E.2d 941 (1990) and *Basketfield v. Daniel*, 71 Ill.App.3d 877, 881, 390 N.E.2d 492 (1979).

Next, plaintiff argues that he advanced a sufficiently supported argument to stave off summary judgment on his *Monell* claim on the issue of whether the mayor and the chief or police were policymakers for the purposes of finding municipal liability against the City of Harvey.[3] As the Memorandum Opinion and Order stated, the plaintiff did almost nothing to support his *Monell* allegations on summary judgment. Most significantly, in his response brief in the summary judgment proceedings, plaintiff failed to cite a single case pertaining to municipal liability or what constitutes a policymaker under *Monell*. He didn't even cite *Monell*. And he does not dispute this in his Rule 59(e) motion.[4]

As the Memorandum Opinion and Order stated, the failure to support an argument with citations to pertinent authority means that argument is waived. (Dkt. #95, at 56). In the Seventh Circuit, cases have made this clear over and over again; they are legion. *See, e.g., Hess v. Kanoski & Associates*, – F.3d –, –, 2012 WL 310866, *7 (7th Cir. 2012)("This court has repeatedly explained that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.'"); *United States v. Shah*, 665 F.3d 827, 836 (7th Cir. 2011)(argument was deemed waived where party cited no case); *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008)(it is not the court's obligation "to research and construct the legal arguments available to

---

[3] Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a municipality can be liable under § 1983 only if its officers acted pursuant to: (1) an official policy; (2) a practice or custom that although not officially authorized, was widespread and well settled; or (3) instructions from a city official with final policy-making authority. 436 U.S. at 690; *Gonzalez v. Village of West Milwaukee*, – F.3d –, –, 2012 WL 313572, *13 (7th Cir. 2012).

[4] Plaintiff mistakenly claims that the defendants' *Monell* argument was made up of a single sentence. It was, in fact, a brief paragraph with a citation to applicable Seventh Circuit precedent. (Dkt. # 70, at 18). Contrary to plaintiff's belated assertion in his reply brief, this was enough to alert not only the court, but the plaintiff to the question of whether plaintiff could show he suffered a constitutional deprivation at the hands of someone with final policymaking authority. As such, *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996) does not relieve plaintiff of what the Seventh Circuit has consistently over many years deemed a waiver.

4

parties . . . ."); *United States v. Hook,* 471 F.3d 766, 775 (7th Cir. 2006); *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991).

A good example of such a case is *Harvey v. Town of Merrillville,* 649 F.3d 526 (7th Cir. 2011). There, in a summary judgment proceeding, the plaintiffs came up with a one-paragraph argument in support of their claim that the defendants violated their free speech rights. They conceded "that none of their submissions . . . to the district court cited a single free speech case, or even a case involving the intersection of equal protection and the freedom of speech . . . ." 649 F.3d at 532. The Seventh Circuit did not hesitate to find that "[a]ny First Amendment claim they purport to raise is therefore waived." 649 F.3d at 532. The same goes for the plaintiff here. He cited not a single case and addressed the *Monell* issues in a scant few sentences.[5] There is no compelling

---

[5] Plaintiff points out that his response brief stated that " . . . Chief Joshua and Mayor Kellogg are policymakers in the City of Harvey," and that "[t]he facts establish that Mayor Kellogg was intimately involved in police discipline and would determine in conjunction with Chief Joshua as to whether termination charges would be filed." (*Memorandum of Law in Support of Plaintiff's FRCP 59(e) Motion,* at 7; Dkt. #80, at 10). More than this was needed under Seventh Circuit precedent. Whether someone is a "policymaker" for *Monell* purposes is an issue that goes beyond the skeletal presentation the plaintiff hoped to get away with. As the Seventh Circuit has explained:

> just because [defendant] is the *decisionmaker* on hiring/firing decisions for the Village government does not necessarily make him the *policymaker* on those issues. The fact that a particular official – even a policymaking official – has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. Rather, such an official also must be responsible for establishing final government policy on a particular issue. The determination of whether a person has policymaking authority is a question of state law, and is to be decided by the court.
>
> \* \* \*
>
> Helpful in determining whether an official is a final decisionmaker is an inquiry into: (1) whether the official is constrained by policies of other officials or legislative bodies; (2) whether the official's decision on the issue in question is subject to meaningful review; and (3) "whether the policy decision purportedly made by the official is within the realm of the official's grant of authority. Also helpful is an examination of not only

(continued...)

5

reason to depart from Seventh Circuit precedent and do the plaintiff's legal research for him. Plaintiff has failed to demonstrate that he is entitled to relief under Rule 59(e); his motion is denied. Accordingly, as plaintiff has failed on his municipal liability claim, the City of Harvey is dismissed as a defendant, and the official capacity claims against the mayor and the police chief are dismissed as well. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)(a suit against a governmental officer "in his official capacity" is the same as a suit "against [the] entity of which [the] officer is an agent . . . . "); *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011)(". . . an official capacity suit is another way of pleading an action against an entity of which the officer is an agent.").

## B.
## The Defendants' Motion

The defendants request certain clarifications of the Memorandum Opinion and Order. First, they ask that the court clarify what claims are precluded by *res judicata*. The scattershot nature of the plaintiff's complaint, along with the patchwork nature of the defendants' motion for summary judgment – claims were variously attacked as precluded by *res judicata*, *Rooker-Feldman*, as well as other legal and factual bases – led to a rather confusing hearing at which the parties and the court attempted to determine which claims were in and which claims were out in the wake of the

---

[5](...continued)
"positive law, including ordinances, rules and regulations, but also the
relevant customs and practices having the force of law.

*Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 675-76 (7th Cir. 2009). Here, we know nothing of the City of Harvey's ordinances – village ordinances were significant in *Valentino* – but we do know that the decisions of the mayor and the police chief were subject to review. It was up to the plaintiff to come up with the applicable case law and marshal whatever facts he had to match them to the law. To successfully oppose the defendants' motion for summary judgment, the plaintiff had to "'wheel out all [his] artillery to defeat it.'" *Swearingen v. Momentive Specialty Chemicals, Inc.*, 662 F.3d 969, 974 (7th Cir. 2011). Instead, the plaintiff brought a pen knife to a gun fight.

Memorandum Opinion and Order. In discussing the issue, the plaintiff said: "Well, the mayor would still be a party and the chief would still be a party to – well, the chief probably would not be. The mayor would still be a party to the retaliation claim, though." (January 24, 2012 Transcript, at 19). Thus, the defendants' motion is a welcome opportunity to determine just what remains at issue in this case.

In their motion for summary judgment, the defendants argued that "[r]es [j]udicata . . . preclude[d] re-litigation of the claims that [plaintiff] suffered discriminatory or retaliatory investigation, suspension, or termination." (Dkt. #70, at 4). Plaintiff had brought such claims under both Title VII – charging racial discrimination – and 42 U.S.C. §1983 – charging retaliation for protected speech. The Memorandum Opinion and Order found that, under *Pirela, Garcia v. Village of Mount Prospect*, 360 F.3d 630 (7th Cir. 2004), and the like, plaintiff's Title VII and §1983 claims were precluded by *res judicata*. (Dkt. # 95, at 27-35). Because the defendants had not advanced a *res judicata* argument covering other forms of retaliation besides investigation, termination, and suspension, those claims were still in play. (Dkt. # 95, at 35).

Plaintiff failed to exhaust his administrative remedies regarding his hostile work environment and discriminatory rehiring claims, so those claims were eliminated under that doctrine. (Dkt. # 95, at 35-39). That left plaintiff's First Amendment retaliation claims regarding unsafe equipment assignments, threats of termination, denial of vacation days, unsafe work assignments, and not being invited to union meetings with the mayor. (Dkt. # 95, at 35). Plaintiff could identify only one day he was denied vacation time, and that was before he engaged in his alleged protected activity. (Dkt. # 95, at 55). The "union meeting with the mayor" was actually a meeting the mayor had with union *leaders*. Plaintiff never claimed to have been a union leader, so he was not wrongfully denied access

7

to that meeting. (Dkt. # 95, at 55). That left only the unsafe work assignment – involving what was arguably a potentially dangerous squad car – and the threats of termination.

The mistake in the Memorandum Opinion and Order was the failure to resolve the threats -of-termination claim. The defendants argued in their summary judgment memorandum that an unfulfilled threat, which results in no harm, is not considered a materially adverse employment action, relying on *Ajayi v. Aramark Business Services, Inc.*, 363 F.3d 520, 531 (7th Cir. 2003). While plaintiff dealt with his termination in his brief and Local Rule 56.1 submissions, he did not address his threats-of-termination claim. Because he did not respond to the defendants' argument in his brief, any argument he might have made is waived, and summary judgment ought to have been entered on that claim as well.[6] Moreover, whatever threats might have occurred came to fruition – plaintiff was fired – so the claim is really a retaliatory discharge claim.

As the Memorandum Opinion and Order stated, then, the only claim left involves the assignment to the unsafe squad car. That being the case, the defendants use their clarification motion to reintroduce some arguments that were already rejected and others that ought to have been raised and developed in their summary judgment motion. That's improper and this portion of defendants' motion must be denied. *In re Ray*, 597 F.3d 871, 876 (7th Cir. 2010); *Pole v. Randolph*, 570 F.3d 922, 938 (7th Cir. 2009); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

---

[6] There is Seventh Circuit case law to the contrary that suggests that a threat of termination might constitute an adverse action necessary to support a retaliation claim. *See Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 681 (7th Cir. 2010)(collecting cases). But, again, this is not an argument plaintiff made and he did not cite any such cases.

The Memorandum Opinion and Order concluded that there was at least an issue of fact as to the defendants' knowledge of the plaintiff's DOJ testimony and that, in fact, defendants had allowed the plaintiff's assertion in that regard to go uncontroverted. (Dkt. # 95, at 52).[7] In their original motion for summary judgment and supporting memorandum, the defendants made no argument about whether the mayor knew anything about the assignment to the unsafe squad car. As for the timeline of plaintiff's support for a rival mayoral candidate, the defendants allowed in their memorandum supporting their motion for summary judgment that plaintiff may have begun supporting that candidate prior to his suspension and termination. (Dkt. # 70, at 16-17). Defendants cannot now, in a motion for reconsideration, contend that there is no way the plaintiff backed that rival candidate before his assignment to the unsafe squad car in September 2006. Just because the mayor made a comment regarding that support at a meeting that took place after the squad car assignment doesn't mean the mayor was unaware of it prior to that meeting. The upshot of all this is that the police chief and the mayor cannot be dismissed as defendants as the defendants now request.

---

[7] The defendants failed to respond to the plaintiff's Local Rule 56.1(b)(3) Statement of Additional Facts. *See* Local Rule 56.1(a)(3)(B)("All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party."); *Rao v. BP Products North America, Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); *Cracco v. Vitran, Exp., Inc.*, 559 F.3d 625, 632 (7th Cir.2009); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir.2006).

## CONCLUSION

For the foregoing reasons, the plaintiff's Rule 59(e) motion [Dkt. # 99] is DENIED, and the defendants' motion to reconsider and clarify [Dkt. # 97] is GRANTED in part and DENIED in part.

DATE: 3/9/12                    ENTERED: _____
                               UNITED STATES MAGISTRATE JUDGE